OPINION
Appellant Rebecca Nelson is the natural mother of Jake'l Octivio Nelson, born June 28, 1996. At the time of Jake'l's birth, appellant was incarcerated in the Ohio Reformatory for Women at Marysville. She had been sentenced to three years incarceration for theft and receiving stolen property. On July 1, 1996, temporary custody of Jake'l was granted to appellee the Holmes County Department of Human Services. A case plan was adopted for reunification of Jake'l with appellant. Requirements included parenting education, establishing safe and clean housing, drug and alcohol assessment, avoiding future incarceration, therapeutic counseling to avoid recidivist behavior, employment, a mental health assessment, and education on the cycles of violence. On April 1, 1997, appellant was released from prison. She returned to Holmes County, and began a series of visits with Jake'l. The court later adopted an amended case plan, including involvement with a parent aide, and completion of the original case plan. On July 2, 1997, custody of Jake'l was returned to his mother, with protective supervision granted to appellee for a period of six months. On September 8, 1997, appellant was arrested and placed in the Holmes County Jail. On September 29, she entered a plea of guilty to forgery, a fifth degree felony. In addition, her probation in Delaware County was revoked because of the forgery conviction. Her expected release date from prison was July 10, 1999. On September 9, 1997, custody was returned to DHS. Jake'l was placed in the same foster home where he had previously resided. On March 10, 1998, DHS filed a motion seeking permanent custody of Jake'l. Following a hearing, the court terminated parental rights, and awarded DHS permanent custody of Jake'l. Appellant assigns a single error:
 ASSIGNMENT OF ERROR
THE COURT ERRED IN AWARDING PERMANENT CUSTODY TO THE HOLMES COUNTY DEPARTMENT OF HUMAN SERVICES BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT A FINDING THAT THE CHILD COULD NOT BE PLACED WITH HIS MOTHER WITHIN A REASONABLE PERIOD OF TIME.
Appellant argues that because she substantially complied with the case plan, the court erred in awarding permanent custody of Jake'l to DHS. Although the parent substantially complies with the case plan, permanent custody may be still be appropriate where the parent fails to remedy the problems which led to the removal of the child from the home. In Re: Taylor (September 8, 1998), Stark App. No. 1997CA00345, unreported. In the instant case, Jake'l was initially removed from appellant's custody because of her incarceration. While appellant substantially complied with most of the objectives in her case plan, one of the objectives was to avoid incarceration, which was to be accomplished through therapeutic counseling to gain insight into her recidivist behavior. Appellant did not complete this element of the case plan. She missed eight of fourteen therapeutic counseling sessions, and her repeated incarceration has prevented her from caring for Jake'l. During the child's lifetime, appellant has been incarcerated all but approximately two months. As appellant has failed to remedy the condition which led to the removal of Jake'l from her care in the first instance, the judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
The judgment of the Holmes County Court of Common Pleas, Juvenile Division, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur